**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                        No. 00-4078

ALFRED BARTLEY FLOWERS,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-99-217)

Submitted: June 27, 2000

Decided: September 14, 2000

Before WIDENER, MURNAGHAN,* and WILLIAMS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen III, Federal Public Defender, William S. Trivette,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Walter C. Holton, Jr., United States Attorney, Clifton T.

_____

*Judge Murnaghan participated in the consideration of this case but
died prior to the time the decision was filed. The decision is filed by a
quorum of the panel pursuant to 28 U.S.C. § 46(d).

Barrett, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Alfred Bartley Flowers appeals his eighty-month sentence imposed after he pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. §§ 922(g)(1), 924(a)(2) (West 2000). Flowers' attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), challenging the court's calculation of Flowers' criminal history category but stating that, in his view, there are no meritorious issues for appeal. Flowers has filed a pro se supplemental brief, challenging the calculation of his criminal history category on a ground not raised in the district court. Finding no reversible error, we affirm.

Flowers' counsel questions whether the district court properly calculated Flowers' criminal history -- specifically whether Flowers' convictions for armed robbery and aggravated battery are "related" offenses under U.S. Sentencing Guidelines Manual § 4A1.2, comment. (n.3) (1998). Sentences for "related cases" are treated as one sentence. See U.S.S.G. § 4A1.2(a)(2) (1998); United States v. Breckenridge, 93 F.3d 132, 137 (4th Cir. 1996). Cases are considered "related" if there was no intervening arrest and the offenses "(A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing." U.S.S.G. § 4A1.2, comment. (n.3).

As the district court found, the offenses were separated by an intervening arrest. Flowers was arrested on the armed robbery charge on July 18, 1974, and on the aggravated battery offense on April 26,

2

1977. Although Flowers asserts for the first time on appeal that he was not arrested for the aggravated battery offense because he was incarcerated at the time of the offense, we have found no support for his assertion. We, therefore, find no error--plain or otherwise--in the district court's decision to award three criminal history points for each offense because the offenses were not "related" under U.S.S.G. § 4A1.2, comment. (n.3).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We, there-fore, affirm Flowers' conviction and sentence and deny counsel's motion to withdraw. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from represen-tation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED